D-1-GN-18-003628    261 ST

CAUSE NO._____

Filed In The District Court
of Travis County, Texas

JUL 18 2018  JC

At_____4:30 P.M.

Velva L. Price, District Clerk

| | | |
|---|---|---|
| MARGARET HAULE, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| V. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| THE CITY OF AUSTIN, TEXAS AND | § | |
| ELIZABETH CARY CLERICO GRACE, | § | |
| Defendants | § | |
| | § | |
| | § | |
| | § | ____th JUDICIAL DISTRICT |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE COURT:

Plaintiff Margaret Haule brings this action against Defendant City of Austin (the "City") and Defendant Elizabeth Cary Clerico Grace ("Cary Grace", and collectively with the City, "Defendants"), for injuries and damages resulting to Plaintiff, pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, Section 242 of Title 18 of the U.S.C., and the Texas Tort Claims Act under the Texas Civil Practice and Remedies Code.

Plaintiff complies with the pleading requirements of Fed. R. Civ. P. 8(a)(2) and the requirements of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

### I. PARTIES

1.1 Plaintiff Margaret Haule is a citizen of the United States and a resident of Travis County,

Case 1:18-cv-00707-LY   Document 1-2   Filed 08/20/18   Page 2 of 11
Exhibit 1-B to Notice of Removal
Page 2 of 11

Texas.

1.2 Defendant City of Austin is a municipal corporation located within the boundaries of the State of Texas. Defendant City of Austin can be served through the City Manager, Spencer Cronk, at 301 West 2nd Street, 3rd Floor, Austin, Texas 78701.

1.3 Defendant Elizabeth Cary Clerico Grace is and was at all times relevant to this cause of action a duly appointed, acting attorney and policy maker of the City of Austin Law Department. Defendant Cary Grace's place of business is City of Austin Law Department, 301 West 2nd Street, Austin, Texas 78701.

## II. JURISDICTION AND VENUE

2.1 Plaintiff brings these claims pursuant to 42 U.S.C §§ 1981, 1983, and 1988, and these statutes provide jurisdiction over Plaintiff's constitutional claims for redress, which are conferred on this Court by 28 U.S.C. §1343(a)(3).

2.2 Federal question jurisdiction is conferred on this Court by 28 U.S.C. § 1331, because this action arises under the Constitution and laws of the United States.

2.3 This Court has supplemental jurisdiction over all other claims asserted under the laws of the State of Texas, pursuant to 28 U.S.C. §1367(a).

2.4 This Court has personal jurisdiction over Defendant Attorney Cary Grace, as she resides and works in the City of Austin in Travis County.

2.5 This Court has personal jurisdiction over Defendant City of Austin, as it is a political subdivision of the State of Texas, located within the boundaries of Travis County and the State of Texas.

2.6 Venue is proper in the State District Court as this is the district where the claim arose in accordance with 28 U.S.C. § 1391(b).

### III. DUTY AND LAW APPLICABLE

3.1 Plaintiff Margaret Haule was subjected to an attempted false arrest, threats and intimidation, obstruction of justice, invasion of privacy, and abuse of office in violation of the rights guaranteed to her by the Fourth and Fourteenth Amendments of the United States Constitution and by 42 U.S.C. § 1981.

3.2 Plaintiff pursues this action pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, Section 242 of Title 18 of the U.S.C., and the Texas Tort Claims Act under the Texas Civil Practice and Remedies Code, which provides in relevant part for redress for every person within the jurisdiction of the United States for the deprivation, under color of state law, of any rights, privileges, or immunities secured by the Constitution and laws of the United States.

3.3 Defendant Grace was acting under color of law and is liable under 42 U.S.C. § 1983.

3.4 Defendant Grace is liable to Plaintiff because she:

1.] Abused her power against Plaintiff, in violation of her rights under the Fourth and Fourteenth Amendment.

2.] Discriminated against Plaintiff on the basis of her race, in violation of her rights under the Fourteenth Amendment and 42 U.S.C. § 1981.

3.] Engaged in a pattern and practice of wrongdoing

3.5 Defendant City is liable to Plaintiff because it:

1.] Had an inadequate policy for preventing abuse of office violations by its employees;

2.] Had an inadequate training program for training its employees on ethics and abuse of office;

3.] Had an inadequate hiring policy in that it failed to inform employees of potential consequences of abuse of office;

Case 1:18-cv-00707-LY Document 1-2 Filed 08/20/18 Page 4 of 11
Exhibit 1-B to Notice of Removal
Page 4 of 11

4.] Had an inadequate disciplinary policy in that it failed to adequately punish, re-train,

or sanction employees who committed violations;

5.] Was deliberately indifferent by the established unwritten custom, practice, or policy

of targeting and motivations in its employees' abuse of office, official misconduct and official

oppression;

6.] Had an inadequate training program for training its employees with respect to the rights

of citizens to be free from abuse of office, official misconduct and official oppression in redress,

protected activity and civics;

7.] Had an inadequate disciplinary policy in that it failed to adequately punish employees

who violated the rights of citizens to be free from abusive actions.

3.6 These deficient policies, customs, and practices of the City constitute a deliberate

indifference its employees' deprivation of the constitutional rights to be free from the use of

abuse of office, intentional inflection of emotional distress, official misconduct, and to be free

from racial discrimination in actions, and acted as the moving force behind the violation of

Plaintiff's constitutional rights in this case and of other persons' constitutional rights in similar

prior cases.

## IV. FACTS

4.1 Plaintiff had served on the City of Austin Area Comprehensive HIV Planning Council, a

board and commission of the City of Austin, starting in 2004. HIV Planning Council had not

been in compliance with Federal mandates. (See: Information in regards to the council:

http://www.ci.austin.tx.us/hivcouncil; Information in regards to compliance: http://hab.hrsa.gov;

Information in regards to Title 1: http://hab.hrsa.gov/tools/title1) At the time African Americans

made up almost half of all new HIV cases, and in the Austin-Travis County area, African

Case 1:18-cv-00707-LY  Document 1-2  Filed 08/20/18  Page 5 of 11
Exhibit 1-B to Notice of Removal
Page 5 of 11

American female drug users were the highest number of new infections, and the rate continued to climb.  The council did not reflect this demographic as mandated by HRSA and neither in the population the agencies it had allocated money to serve. The only three African American owned HIV organizations had their applications rejected for funding.  A prominent organization received a bulk of the funding hired African American outreach workers as independent contractors while retaining new white employees as permanent employees with benefits. Plaintiff believed discrimination had taken place and that this was just one example. All African Americans were removed or due to the general consensus of racism on the council left in frustration.  (A white male who had a felony and was arrested for parole violation was allowed to vote from prison and continue to be a member.) An open records request in regards to information pertaining to African American council members was denied under "Attorney Client Privilege" by the City Law Department-Attorney Elizabeth Cary Grace.  An Attorney General's Open Records Request to make a ruling ordered the release of some of the information, but since Plaintiff alleged that she found it discriminatory and she had reason to believe Grace was acting in "bad faith" in withholding this information, Plaintiff was informed to file suit. Responses to previous open records requests made had information omitted. Since Plaintiff was on the Council and had utilized the City Law Department, it was abuse of office, ethics, disclosure, and conflicts of interests for Grace to circumvent Plaintiff's requests and also seek Plaintiff's removal.

4.2 On May 1, 2007, Plaintiff was accosted by a City of Austin employee who was a coordinator for the council who put her hands on her which was unwelcome and threatening. Coordinator resorted to verbal attacks as Plaintiff attempted to leave a meeting. Plaintiff reported incident to the City of Austin Human Resources and met with Emilie Hall who worked in HR which was protected activity. Hall later informed Plaintiff that she was told by Kay Boccella and Cary

Case 1:18-cv-00707-LY  Document 1-2  Filed 08/20/18  Page 6 of 11
Exhibit 1-B to Notice of Removal
Page 6 of 11

Grace to demand Plaintiff's driver's license in order to proceed with complaint. Plaintiff later learned that that was not required and that was abuse of office and Grace overstepping boundaries of position. Plaintiff was subsequently removed from Council after reporting incident. Plaintiff believes this was retaliation. Defendant Cary Grace would retaliate against anyone who had a viable grievance or claim against the City, or when the City would be deemed liable.

4.3 On April 2010, Ms. Linda Rivera of the City of Austin Open Records Division had also been told by City of Austin Assistant Attorney Elizabeth Cary Grace to refer my requests specifically to her (Cary Grace). Attorney Elizabeth Cary Grace had tried to suppress information in regards to public incidents that occurred.  Ms. Emilie Hall, who works in Human Resources, stated that her log book which she uses to keep notes including Plaintiff's report of incident in which City of Austin could be held liable mysteriously disappeared when she returned after leaving the City of Austin and that Kay Bocella, a subordinate of Elizabeth Cary Clerico Grace had been her point of contact about the incident and that she had illegally copied my driver's license without my permission and which wasn't part of city policy to do so.  Cary Grace had attempted to suppress some altercations involving city staff and misconduct incidents.

4.4 On November 6, 2012, Plaintiff did an open records request of herself to City of Austin. Defendant Elizabeth Cary Clerico Grace continued to delay and prevent the release of information. Requests made to the City of Austin by Plaintiff were always met with considerable delay and obstruction. When information was finally released, Grace had attempted to abuse her position trying to subpoena for the owner of a P. O. Box which was a violation of privacy. Grace had also attempted to trace emails of open records requests which constituted another violation

Case 1:18-cv-00707-LY  Document 1-2  Filed 08/20/18  Page 7 of 11
Exhibit 1-B to Notice of Removal
Page 7 of 11

of privacy.  Grace had unsuccessfully sought the false arrest of Plaintiff which was an abuse of

office. Grace had contacted an assistant Travis County attorney to try to get Plaintiff arrested.

4.5 On July 27 and July 29, 2013, Plaintiff reported Grace's misconduct to City of Austin

Auditor Kenneth Mory and City of Austin Law Department chief attorney Karen Kennard. A

person from the Law Department did contact Plaintiff to speak about complaint but no follow up

was ever done.

4.6 Plaintiff suffered and suffers from physical injuries, extreme psychological injuries,

mental anguish, and the unique indignity of being subjected to racial discrimination employees

as a result of the abuse of office, lack of ethics, intentional infliction of emotional distress, and

official misconduct by Elizabeth Cary Clerico Grace and the City's inadequate policies, practices

and customs without any reasonable justification.

## V. § 1983 CLAIMS

5.1 The acts and omissions of Defendants on the occasion in question were unreasonable,

unconscionable, deliberately indifferent, and were the proximate and producing cause of the

injuries, aggravation of injuries, damages, and aggravation of damages sustained by Plaintiff.

Defendants are liable to Plaintiff under 42 U.S.C. § 1983 for violating Plaintiff's constitutional

rights under the Fourth and Fourteenth Amendments and her federal rights under § 1981.

5.2 Elizabeth Cary Clerico Grace's excessive, inappropriate, and improper abuse of office by

attempting to get Plaintiff arrested, violating Plaintiff's privacy by using her position to obtain

personal emails and identity of postal mailbox owner and residence, trying to obstruct the release

of information pertinent to Plaintiff's claims, ordering others to engage in misconduct against

Plaintiff, caused Plaintiff to suffer physical and psychological injuries as well as the pain,

emotional distress, and suffering resulting from those injuries. Plaintiff's injuries resulted

Case 1:18-cv-00707-LY  Document 1-2  Filed 08/20/18  Page 8 of 11
Exhibit 1-B to Notice of Removal
Page 8 of 11

directly from Defendant's abuse of office, pattern and practice of wrongdoing, and the

overstepping of the boundaries of her position which were unreasonable.

5.3 The City is liable to Plaintiff under 42 U.S.C. § 1983 because of its inadequate policies,

inadequate training, inadequate hiring practices, and its established customs and/or practices

constituted a deliberate indifference to the deprivation of constitutional rights in this case and in

similar prior cases and acted as the moving force for Elizabeth Cary Clerico Grace's abuse of

office against Plaintiff. These inadequate policies, customs, and/or practices include:

1.] Had an inadequate policy for preventing abuse of office violations by its employees;

2.] Had an inadequate training program for training its employees on ethics and abuse of office;

3.] Had an inadequate hiring policy in that it failed to inform employees of potential

consequences of abuse of office;

4.] Had an inadequate disciplinary policy in that it failed to adequately punish, re-train,

or sanction employees who committed violations;

5.] Was deliberately indifferent by the established unwritten custom, practice, or policy

of racial targeting and racist motivations in its employees' abuse of office;

6.] Had an inadequate training program for training its employees with respect to the rights

of citizens to be free from racism and abuse of office in redress, protected activity and civics;

7.] Had an inadequate disciplinary policy in that it failed to adequately punish employees

who violated the rights of citizens to be free from racially-motivated actions.

5.4 Elizabeth Cary Clerico Grace is an official employee of the City of Austin's Law

Department's Employment and Public Safety Division with regard to all policies relevant to the

deprivation of Plaintiff's constitutional and federal rights.

5.5 The acts and omissions of the City were a proximate cause of Plaintiff's injuries and

damages.

## VI. DAMAGES

6.1 Defendants' acts and omissions, as set out above, were proximate causes of Plaintiff's injuries and damages. These damages are far in excess of the minimum jurisdictional amount for this Court and are most probably in excess of a million dollars. Medical care and treatment, past and future, as well as the other elements of damages provided by the law such as mental anguish, loss of enjoyment of life and the other elements of damages recognized by our law are recoverable by Plaintiff.

## VII. EXEMPLARY DAMAGES

7.1 The conduct of Elizabeth Cary Clerico Grace justifies an award of punitive and exemplary damages against Elizabeth Cary Clerico Grace individually due to her extreme, outrageous, and unjustifiable conduct. Cary Grace's acted with malice and acted intentionally, recklessly, or callously indifferently to the deprivation of Plaintiff's constitutionally protected rights. Pursuant to 42 U.S.C. § 1988(b) of the Federal Civil Rights Act, Plaintiff is entitled to recover reasonable and necessary fees, as well as the reasonable and necessary expenses in pursuit of this claim – at the trial level, the Court of Appeals level if this case is appealed to that court, and in the Supreme Court of the United States, if necessary.

## VIII. PRESERVATION OF EVIDENCE

8.1 Plaintiff requests and demand that all Defendants in this case retain, preserve, and protect from loss, damage, discard, or destruction all physical, written or electronic items that are, or may be, evidence of the incident above described, which may form the basis of this Complaint including, but not limited to video, recorded statements, photographs, e-mails, text messages, and personal or official notes made by any of the employees or the City.

## IX. ARBITRATION AND MEDIATION DEMAND

9.1 Plaintiff respectfully demands arbitration and mediation.

### PRAYER

Plaintiff asks for judgment against Defendants and prays for:

(a) arbitration and mediation on all issues;

(b) judgment against Defendants, jointly and severally, on behalf of the Plaintiff for

actual damages pursuant to 42 U.S.C. § 1983;

(c) statutory and reasonable attorney fees pursuant of 42 U.S.C. § 1988(b) of Federal

Civil Rights Act, pre-judgment interest, post-judgment interest, and all of their costs

herein expended;

(d) judgment against Defendants in favor of the Plaintiff for actual damages;

(e) judgment against Elizabeth Cary Clerico Grace in favor of Plaintiff for exemplary damages;

and

(f) any such other and further relief to which the Plaintiff may show herself to be justly

entitled.

Filed this 18th day of July, 2018.

Respectfully submitted,

By: _____

Margaret Haule, *Pro Se*

3405 Texas Topaz Drive

Austin, Texas 78728

THE **LAWYER REFERRAL SERVICE** OF CENTRAL TEXAS
*A Non-Profit Corporation*

---

## IF YOU NEED A LAWYER
## AND DON'T KNOW ONE,
## THE LAWYER REFERRAL SERVICE
## CAN HELP

### 512-472-8303
**866-303-8303 (toll free)**
**www.AustinLRS.com**

**Weekdays 8:00 am to 4:30 pm**
**$20.00 for first half hour attorney consultation**
**(free consultations for personal injury, malpractice, worker's compensation,
bankruptcy, and social security disability)**

This service is certified as a lawyer referral service as required by the State of Texas
under Chapter 952, Occupations Code. Certificate No. 9303

---

## SI USTED NECESITA EL CONSEJO DE UN
## ABOGADO Y NO CONOCE A NINGUNO
## PUEDE LLAMAR
## A LA REFERENCIA DE ABOGADOS

### 512-472-8303
**866-303-8303 (llame gratis)**
**www.AustinLRS.com**

**Abierto de lunes a viernes de 8:00 am–4:30 pm**
**$20.00 por la primera media hora de consulta con un abogado**
**(la consulta es gratis si se trata de daño personal, negligencia,
indemnización al trabajador, bancarrota o por incapacidad del Seguro Social)**

This service is certified as a lawyer referral service as required by the State of Texas
under Chapter 952, Occupations Code. Certificate No. 9303